IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MELINDA K. DAVIDSON,**                      CASE NO. 3:22 CV 938

    Plaintiff,

    v.                                            JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                         **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Melinda K. Davidson seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Knapp recommends this Court affirm the Commissioner's final decision. (Doc. 16). Plaintiff filed objections to the R&R (Doc. 17), and the Commissioner filed a response thereto (Doc. 18). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in 2020, alleging a disability onset date of June 18, 2020. *See* Tr. 217. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on May 4, 2021, finding Plaintiff not disabled. (Tr. 29-47). This appeal ultimately followed. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision. She argued the ALJ did not properly evaluate her subjective complaints or her physical and psychological impairments, and

she argued the residual functional capacity ("RFC") determined by the ALJ was unsupported by substantial evidence as the ALJ erred in evaluating the relevant opinion evidence. (Doc. 11, at 1). "Underlying both of [Plaintiff's] assignments of error [was] a contention that the ALJ did not fulfill her duty to develop the record and made her determinations based on an incomplete record." (Doc. 16, at 22) (citing Doc. 11, at 12-17).

In her R&R, Judge Knapp concluded this contention and both assignments of error were without merit. She first determined the ALJ did not violate her duty to develop the record and had no duty to request additional records or opinions. (Doc. 16, at 33). Judge Knapp then found Plaintiff had "not met her burden to demonstrate that the ALJ erred in considering her subjective complaints, and the ALJ adequately explained her reasons for finding the subjective complaints were not entirely consistent with other evidence in the record." *Id.* at 38. She also found Plaintiff had "not met her burden to prove that the ALJ[] ignored [Plaintiff's] medically determinable impairments, failed to account for limitations resulting from those impairments in the RFC, or improperly evaluated the medical opinion evidence in a manner that deprived the RFC of the support of substantial evidence." *Id.* at 42. She recommends the Court affirm the Commissioner's decision. *See id.*

### STANDARD OF REVIEW

Under the relevant statute:

Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### Discussion[1]

Plaintiff raises three objections to the R&R, all relating to her arguments about an insufficient record before the ALJ: (1) Judge Knapp incorrectly required Plaintiff to either show the ALJ she had made a good faith effort to obtain missing records or ask the ALJ for help obtaining them (Doc. 17, at 1-3), (2) Judge Knapp improperly evaluated evidence from MidWest Surgical Specialists (*id.*), and (3) contrary to Judge Knapp's conclusion, remand is required under *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008) (Doc. 17, at 5).[2]

---

1. Neither party objects Judge Knapp's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Knapp.

2. Plaintiff lists four objections in her brief, but the first two objections are substantively similar, and this Court has combined them for purposes of analysis. (Doc. 17, at 1-3) ("Judge Knapp finds that Plaintiff failed to provide 'evidence indicating that Ms. Davidson advised the ALJ she was unable to obtain the records despite good faith efforts or reasons beyond her control, and evidence that she asked the ALJ for assistance in obtaining the outstanding records.' However this is contrary to the requirements of the law. . . . Second, there is no requirement under any legal standard indicating that a claimant or hearing representative must ask the ALJ for assistance in obtaining the outstanding records.").

Objection 1

Though styled as two objections, Plaintiff makes essentially one objection to Judge Knapp's findings regarding evidence missing from the record. She argues that contrary to Judge Knapp's conclusions in the R&R, Plaintiff was not required to ask the ALJ for assistance obtaining missing records and the ALJ wrongly failed to find she had made a good faith effort to get them herself. (Doc. 17, at 1-3).

As summarized by Judge Knapp in the R&R (Doc. 16, at 25), Plaintiff advised the ALJ of her difficulty obtaining records from her treatment at MidWest Surgical Specialists from August to December 2020. (Tr. 304-05). Plaintiff's attorney said at the hearing the record was incomplete and requested an additional week to submit the documents. *Id.* at 56. The ALJ said she would not officially hold the record open but would consider the records if they were submitted before she filed her decision. *Id.* at 57. Plaintiff's attorney responded, "Perfect. Thank you." *Id.* The ALJ's decision was not issued until seven weeks later; Plaintiff never submitted the outstanding records or further updated the ALJ.

Plaintiff argues "there is no requirement under any legal standard indicating that a claimant or hearing representative must ask the ALJ for assistance in obtaining [any] outstanding records." *Id.* at 3. But an internal manual for ALJs, which Plaintiff herself cited as support for her contention that the ALJ failed to properly develop the record, states an ALJ may request evidence from a medical source directly *if* she "finds that the claimant or representative has shown that he or she is unable to obtain the evidence despite good faith efforts or for reasons beyond his or her control." (Doc. 16, at 25) (quoting HALLEX I-2-5-13-E) (emphasis added).[3]

---

3. "While not binding on this court, the procedural guidance to the staff and adjudicators of the Office of Hearings and Appeals set forth in the HALLEX bolsters this interpretation." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008), *as amended.*

Plaintiff now argues this language, and that of 20 C.F.R. § 416.1435, requires an ALJ whom a plaintiff has informed of missing records to (1) request the records *or* (2) "make a finding relating 'good faith efforts'", neither of which the ALJ did here. (Doc. 17, at 3). Plaintiff reads this language incorrectly. The HALLEX language provides that the ALJ may request the records *if* she finds a good faith effort or reason beyond Plaintiff's control for failing to provide them. Similarly, the Code of Federal Regulations language states that if the ALJ does not find Plaintiff has an acceptable reason for failing to timely submit evidence, she "may decline to consider or obtain the evidence". 20 C.F.R. § 416.1435(a).

Plaintiff argues "it is not the role of the Court to now make [the] determination" of whether Plaintiff made good-faith efforts to obtain the records in the absence of such a finding by the ALJ. (Doc. 17, at 3). But Judge Knapp did not make such a determination; she simply – and accurately – noted that the ALJ did not make any such finding. (Doc. 16, at 25).

Though the federal regulations do not use Plaintiff's precise language of a "requirement" to ask the ALJ for assistance obtaining records, the record shows Plaintiff never indicated to the ALJ a finding of "good faith efforts" or an attempt to obtain the treatment records herself would be necessary. Plaintiff's counsel requested an additional week to submit the records; the ALJ told Plaintiff she could submit the records after the hearing; Plaintiff's counsel agreed. (Tr. 57). Plaintiff never communicated with the ALJ further about these records. Because Plaintiff made no indication she still sought these records and presented no evidence of a good faith effort to do so, the ALJ had no reason to make such a finding, and was justified in not seeking or considering that evidence. As Judge Knapp correctly noted, "the ultimate burden of proving entitlement to benefits lies with the claimant," not the ALJ. *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022).

Objection 2

Plaintiff next argues Judge Knapp improperly evaluated additional MidWest Surgical Specialists treatment evidence provided to the Appeals Council after the ALJ's decision. (Doc. 17, at 3) (*see* Tr. 23-28). These records were dated June 2021, which was after the ALJ's decision. (Tr. 14-15). In a footnote in the R&R, Judge Knapp summarizes that evidence:

> That record documents a normal physical examination, except for trace edema in both legs, and notes that [Plaintiff] continued conservative treatment with no symptom relief and planned to discuss possible further procedures, including ablations. (Tr. 27.) The "history" section of that record is consistent with [Plaintiff's] testimony that she received further treatment and ablation procedures at MidWest between July and December 2020. (Tr. 24-25.)

(Doc. 16, at 26 n.5).

Plaintiff argues "it is not the role of the Court to now weigh the evidence for the first time" and also that the records "corroborate that there are missing treatment notes and . . . Plaintiff's allegations." (Doc. 17, at 3-4). Plaintiff makes conflicting assertions here: she states Judge Knapp could not weigh the evidence in the MidWest records, but she also states Judge Knapp should have weighed the evidence in Plaintiff's favor. Both cannot be true.

Judge Knapp did not weigh evidence for the first time; she merely summarized the records submitted by Plaintiff to the Appeals Council. And whether these records "corroborate" the fact of missing records or Plaintiff's allegations of disability is ultimately irrelevant to Judge Knapp's conclusion (nor did she rely upon the records to reach that conclusion). Judge Knapp's role was to determine whether the ALJ improperly failed to fully develop the record; she found that the ALJ did not. (Doc. 16, at 27). What the missing records from MidWest do or do not corroborate is therefore irrelevant.

6

Objection 3

Plaintiff's final objection is that Judge Knapp wrongly refused to remand under *Deskin v. Comm'r*, 605 F. Supp. 2d 908 (N.D. Ohio). (Doc. 17, at 5). *Deskin* was a district court case which held an ALJ should obtain additional medical opinion evidence before adopting an RFC including work limitations if there is no medical source opinion in evidence or the only opinion in evidence is an "outdated nonexamining agency" one. 605 F. Supp. 2d at 912.

District court opinions are not binding on other district courts; binding authority comes from a district's court of appeals and the U.S. Supreme Court. *See Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 430 n.10 (1996). *Deskin*, therefore, does not require this Court to follow suit. Judge Knapp noted this and briefly listed cases in which courts in this District "criticized or declined to follow the *Deskin* standard." (Doc. 16, at 30) (citing *Adams v. Colvin*, 2015 WL 4661512, at *15 (N.D. Ohio) (collecting cases), *Henderson v. Comm'r of Soc. Sec.*, 2010 WL 750222, at *2 (N.D. Ohio) (stating *Deskin* "is not representative of the law established by the legislature[] and interpreted by the Sixth Circuit Court of Appeals")). The Sixth Circuit has not commented on *Deskin* but has "rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018).

This Court itself has recently determined reliance on "stale" non-examining state agency opinions does not require remand. *Van Pelt v. Comm'r of Soc. Sec.*, 2020 WL 7769729, at *9-11 (N.D. Ohio). Moreover, the state agency opinions in this case were not stale – the state agency medical assessments were completed in August 2020 (Tr. 96-97) and November 2020 (Tr. 106-07), both less than a year prior to issuance of the ALJ's decision. Finally, as in *Van Pelt*, "there is

no evidence in this case that the ALJ interpreted 'raw medical data,' as with the MRI evidence in *Deskin*." 2020 WL 7769729, at *12. An ALJ need not "obtain[] updated opinion evidence, so long as the ALJ's ultimate decision is supported by substantial evidence." *Id.* (citing *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, at 32 (2009)).

Plaintiff argues in the alternative that the regulations require remand. (Doc. 17, at 7). Plaintiff specifically cites regulations concerning what an ALJ may do in the case of inconsistent or insufficient evidence. *Id.* at 8 (citing 20 C.F.R. §§ 416.912(b) and 416.920b(b)). Those regulations define insufficient evidence as that which "does not contain all the information [the ALJ] need[s] to make [her] determination or decision." 20 C.F.R. § 416.920b(b). They define inconsistent evidence as that which "conflicts with other evidence, contains an internal conflict, is ambiguous, or . . . does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques." *Id.*

Even absent the missing MidWest records, the evidence before the ALJ appeared neither inconsistent nor insufficient. The ALJ had access to extensive treatment history from Health Partners of Western Ohio before and after Plaintiff's alleged disability onset date, treatment history from MidWest outside of the timeframe of the missing records, opinion evidence from state agency medical consultants and state agency psychological consultants, opinion evidence from an additional consultative psychological examiner, Plaintiff's own testimony, and a vocational expert's testimony. *See* Doc. 16, at 2-18 (summary of the medical record). "The ALJ here evaluated the evidence of record and reached a conclusion . . . there is nothing to suggest the evidence presented was insufficient to make a determination." *Camacho v. Comm'r of Soc. Sec.*, 2017 WL 6403076, at *14 (N.D. Ohio), *report and recommendation adopted*, 2017 WL 6389620 (N.D. Ohio). Even if "substantial evidence or indeed a preponderance of the evidence supports a

8

claimant's position, the court cannot overturn 'so long as substantial evidence also supports the conclusion reached by the ALJ.'" *Van Pelt*, 2020 WL 7769729, at *13 (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)). The ALJ was under no regulatory obligation to seek out more records in order to make a decision supported by substantial evidence.

CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Knapp's R&R (Doc. 16) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

      s/ *James R. Knepp II*
      UNITED STATES DISTRICT JUDGE